UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA
(Williamsport)

| | |
|---|---|
| In Re: ) | |
| ) | BANKR. NO. 4:25-bk-03118-MJC |
| MYRLINE RIVERA ) | |
| ) | CHAPTER 7 |
| ) | |
| Debtor ) | |
| ) | |
| ) | |
| BRIDGECREST CREDIT COMPANY, ) | Ref. Dkt. Nos. 10, 13 and 14 |
| LLC, AS AGENT AND SERVICER FOR ) | |
| CARVANA, LLC ) | |
| Movant ) | |
| v. ) | |
| ) | |
| MYRLINE RIVERA ) | |
| ) | |
| Respondent ) | |
| ) | |
| LISA ANN RYNARD ) | |
| Trustee ) | |

**EMERGENCY MOTION TO CONTINUE HEARING ON
CREDITOR'S OBJECTION TO MOTION REDEEM PROPERTY SCHEDULED FOR
JANUARY 15, 2026**

Bridgecrest Credit Company, LLC as Agent and Servicer for Carvana, LLC (the "Movant") respectfully moves this Honorable Court to continue the hearing scheduled on January 15, 2026 at 10:00 AM. In support hereof the undersigned represents the following:

1. On November 25, 2025 the Debtor filed a Motion to Redeem Re: 2020 Nissan Pathfinder VIN No. 5N1DR2CM2LC613222. (Docket No. 10).

2. Movant filed a timely response on December 9, 2025 (Docket No. 13.

3. Said Motion was scheduled for a January 15, 2026 initial hearing by the Court (Docket No. 14).

4. This is a contested matter under Bankruptcy Rule 9014.

5. Bankruptcy Rule 9014(e) requires procedures that allow parties to determine whether there will be an evidentiary hearing at a reasonable time before a scheduled hearing.

6. It was not clear from the Docket that the first hearing was not a preliminary hearing. Movant was only informed of the possibility of an evidentiary hearing to be held at the first hearing on January 7. 2026. Movant did not agree to an evidentiary hearing on January 15, 2026 but rather requested more time to allow for an appraiser to evaluate the vehicle. Movant did not believe continuing the first hearing would be contested.

7. It simply does not make sense to move forward with an evidentiary hearing unless both parties have had the opportunity to complete an appraisal, and both appraisers could attend said evidentiary hearing.

8. Given the posture of the case, Debtor will not be prejudiced in anyway by a continuance, while the Movant will be extremely prejudiced.

9. If both parties are not allowed to complete discovery, and defend themselves based on the substantive facts of the matter it will be a miscarriage of justice.

10. For the above reasons cause exists to move the hearing pursuant to Fed. R. Bankr. P. 9006(b) as the only fact at issue is the valuation of a vehicle, and all Movant is asking is for enough time to complete an appraisal.

11. Accordingly, the Movant respectfully request that the Court continue the Hearing to February 12, 2026 at 10:00 AM, or to a date and time as reasonably soon thereafter that the Court can reschedule the matter on its calendar.

WHEREFORE, the Movant respectfully request this Honorable Court grant an order continuing the Hearing and for such other and further relief as this court deems just and proper.

Respectfully submitted,

Date: <u>January 8, 2026</u>

By: <u>*/s/ Elizabeth A. Trachtman*</u>
Elizabeth A. Trachtman, Esq. PA 333427
Eliza Garifullina, Esq. PA 336983
Orlans Law Group PLLC
Attorney for Bridgecrest Credit Company, LLC as Agent and Servicer for Carvana, LLC
200 Eagle Road, Bldg 2, Suite 120
Wayne, PA 19087
(484) 367-4191
Email: etrachtman@orlans.com
egarifullina@orlans.com
File Number: 25-015689