# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>Myrline Rivera,<br><br>    Debtor<br><br>Bridgecrest Credit Company,<br><br>    Movant<br> vs.<br><br>Myrline Rivera,<br><br>    Respondent | Chapter 7<br><br>Case No. 4:25-bk-3118-MJC |

## Debtor's Opposition to Emergency Motion to Continue (Dkt. Entry 16)

1 – 5. Admitted.

6. Denied. The docket was clear that the hearing would be evidentiary, as it said nothing to the contrary. "Unless otherwise directed, all hearings . . . are evidentiary in nature at which witnesses may testify." L.B.R. 9073-1.

7 – 10. Denied. In the attached email between counsel Debtor explained some of the prejudice that would be suffered by a delay:

> We are ready to proceed and we want a decision as soon as possible as to the amount that would be required to redeem. The car needs repairs that she wants to have done as soon as possible. But, she obviously does not want to put money into the vehicle now, because that would just be paying double (the out of pocket expense now, and then the redemption amount would be increased by that same amount because the valuation would be greater due to the improved condition after the repair). So, putting the hearing off would unfairly force her to delay repairs.

See Exhibit A.

Additionally, the relevant inquiry should not be whether Debtor would suffer prejudice, but instead whether Creditor has demonstrated cause for a continuance. Creditor's only professed need for the continuance is that it wishes to obtain an appraisal. However, that desire does not amount to "cause" – particularly because Creditor has been on notice of the disputed valuation since December 2, 2025, when it was served with the redemption motion. (See delivery confirmations attached as Exhibit B.) Creditor had ample time to prepare for the hearing. Its failure to do so is the result of its own delay and not due to any fault of Debtor.

11. Denied that the hearing should be continued.

## Conclusion

Emergency requests necessarily burden both the parties and the Court by requiring matters to be elevated for expedited consideration, often at the expense of other pending proceedings. While many issues genuinely warrant emergency treatment—such as requests to restore essential utility service or to recover a vehicle improperly repossessed in violation of the automatic stay—this is not one of them. The only "emergency" asserted here arises from Creditor's own failure to adequately prepare for the scheduled hearing. Requests of this nature should be viewed with disfavor, and the Court should deny the motion.

Date: January 8, 2026

s/ Carlo Sabatini
Carlo Sabatini, PA 83831
Attorney for Respondent
Sabatini Law Firm, LLC
216 N. Blakely St.
Dunmore, PA 18512
Phone (570) 341-9000
Facsimile (570) 504-2769
Email ecf@bankruptcypa.com